(Stark County Court of Common Pleas.)

### In re THE DETENTION OF JOHN W. PFIRMAN.

*Duty of a party to a law suit to give his deposition before a Notary Public at the summons of the opposite party to the suit—Commitment of party for refusing to answer questions, as for contempt, by Notary—Sections 5265 and 5266, Rev. Stat., construed.*

(Decided November, 1894.)

McCARTY, J.

In this matter of the deposition of John W. Pfirman, an application to release him from his confinement as a prisoner, because of his refusal to testify in the case of Burroughs Brothers against John W. Pfirman et al., the questions in it arise on the construction of the statute touching the taking depositions to be used on the trial of causes in this court.

The prisoner was duly subpoenaed to testify and give his deposition in this case, after due notice was given of the time and place where his deposition was expected to be taken.

He was duly sworn, according to law, and then was propounded to him by counsel for the plaintiff, the first question put to witnesses who are called to testify, in substance: "Give your name, age, occupation and place of residence"; and thereupon he refused to testify, and said that he declined to testify under advice of counsel; and presented to the notary, before whom the depositions were about to be taken, an affidavit in which he sets forth this, in substance: he says first, that he is a party defendant in the cause, and that it is now pending in the Court of Common Pleas of Stark County, Ohio; that in said cause he will, of necessity, be called as a witness to testify in said court; that the plaintiffs are not attempting to take his deposition in good faith, and with the intention or belief of ever using the same on the trial of the cause, but were and are thereby attempting to "fish" for evidence. The affiant says that his deposition could not be used on the trial of said cause under section 5265, of the Revised Statutes of Ohio, or any other provision thereof, because he was and is, first, a resident of Stark county, Ohio, and has been for years last past, and for aught he knows expects to continue. That he is not absent therefrom, and he does not now expect to be. That he now fully expects to be here during this present and coming term of said court of common pleas; and expects in any event, sickness or death preventing, to be present at said court when said cause of said Burroughs Brothers against John W. Pfirman et al. shall be called for trial.

That he is 25 years of age, in robust health, is not suffering from any infirmity, does not expect to be imprisoned, and will be able to attend said court as a witness. That his testimony is not required upon any motion made or to be made, but is asked wholly upon the merits of said suit; and that when so called upon to testify in said court of common pleas, or his testimony therein shall be needed, this witness fully intends to be present and testify in such manner as he may be then ordered, on the merits, to do by said court.

That affidavit was presented to the notary, setting forth the reasons the witness declined to answer the questions or submit to have his deposition taken in the case. He is thereupon ordered by said notary to answer the question propounded. He declines, and he was committed to the custody of an officer and to the jail of the county, there to remain until he would submit to answer the questions propounded to him. And thereupon he was brought before this court, or a judge thereof, under a certain section of the statute which provides for such inquiry as to the legality of

his imprisonment; and it is upon the questions arising from that that we are now called on to determine as to the legality of his imprisonment.

Now, the right to take the deposition of a party, or a witness, is conceded on both sides, to be determined by the statute. The statute fixes the right to take depositions, the time and place and manner of their taking, and when they may be used. There are two sections of the statute governing this, that have been read and commented on. The one is 5265, which provides when depositiong may be used; and 5266, which provides when they may be taken. I want to call attention particularly to these sections of the statute, and endeavor to put a construction on them; and I am not unmindful of the fact that several courts have attempted to construe these sections of the statute; and while I have the greatest respect for courts of higher jurisdiction, as well as of concurrent jurisdiction, this court does not feel bound, inasmuch as no court of higher jurisdiction has passed upon the question, to follow them simply because courts of coextensive jurisdiction have made a particular finding. But of that hereafter.

Section 5265 provides as follows: "The deposition of a witness may be used only in the following cases: when the witness does not reside in, or is absent from the county where the action or proceeding is pending, or by change of venue, is sent for trial. Second, when the witness is dead, or from age, infirmity or imprisonment is unable to attend court. Third, when the testimony is required upon a motion, or where the oral examination of the witness is not required."

The next section, 5266, reads as follows: "Either party may commence taking testimony by deposition at any time after service upon the defendant." Now, the first of those sections that I have read, provides when such depositions may be used; the second provides when they may be taken. Now, the two sections ought to be construed together, so as to get the meaning that the legislature intended they should have.

It is provided elsewhere in the statute that the testimony of a witness may be taken, (1,) by affidavit, (2,) by deposition, and (3,) by oral examination, and these kinds of testimony are defined. Now, upon the trial of a cause, the deposition of witnesses may be heard. On the hearing of a motion the deposition may be heard, because the court may provide, by rule, for the hearing of motions only on written testimony, and not on oral testimony. So that there is an exception here; when the testimony is required upon motion, or where the oral examination of a witness is not required, the deposition may be taken to be used.

I think the fair interpretation of these sections of the statute would follow this sort of reading; after concluding section 5265, that winds up with the third sub-division "when the testimony is required upon a motion, or where the oral examination of a witness is not required, then either party may commence taking such testimony (that is, testimony that may be so used) by deposition, at any time after service upon the defendant.

The first section provides that the deposition of a witness may be used only (the term "only" is used in the section) in the following cases,—then follows the classification of the cases, and then follows the provision that either party may commence taking testimony. What kind of testimony? Testimony by deposition. What sort of testimony? The testimony that has been provided in the preceding section for use on the trial of a cause or on the hearing of a motion. "Either party may commence taking such depositions—what kind? "Depositions of witnesses who do not reside in, or are absent from the county where the action or proceeding is pending, or by change of venue, is sent for trial; and when the witness is dead— (that is, if the deposition has already been taken), or from age, infirmity or im-

prisonment, is unable to attend court. When the testimony is required upon a motion, or where the oral examination of a witness is not required, such testimony may be taken."

Another provision of the statute, and that is in relation to the taking of depositions to be used before justices of the peace, throws some light upon the subject. "Sec. 6544. Depositions may be taken to be read in any cause pending before a justice of the peace in like manner and subject to the same restrictions and rules of law as in cases pending in the court of common pleas."

Notice the reading of this section—"Depositions may be taken to be read in any cause pending before a justice of the peace, in like manner and subject to the same restrictions and rules of law as in cases pending in the court of common pleas."

That testimony "to be read" is omitted in the language that is used in section 5265, but the language used in describing and providing for the taking of depositions before justices of the peace provides that "depositions may be taken to be read in any cause pending before a justice of the peace, in like manner, and subject to the same restrictions and rules of law as in cases pending in the court of common pleas."

Now, the conclusion that I reach from this, in the light of what is apparent from the reading of the other two sections, is, that only depositions can be taken that are to be read on the trial of the cause, or on the hearing of a motion.

That would dispose of the question that is mooted, and dispose of this hearing touching the right of the party to take the testimony of another party, or a witness, simply for the purpose of "fishing" after testimony. They can only take depositions of witnesses when they intend to use the depositions on the trial of the cause, or the hearing of a motion, and when taken in good faith, and for one of those purposes.

Now, these authorities that have been submitted to the court, have made several different holdings. They have held both ways on the question, and they are entitled to weight so far as they say and determine by reason.

In the case that Judge McELROY decides in the Knox County Common Pleas Court,—the question there presented before him was as to whether he would compel a witness to testify; whether under this statute a witness (not a party, but a witness) in the action, might be compelled to testify, it appearing that the witness was well, would probably be able to attend court, was then residing within the jurisdiction of the court; did not intend to remove; did not expect to be imprisoned, but intended to appear on the trial. That court held that the witness was not bound to answer.

In the 3rd Bulletin, the decision is upon a similar question—a witness only.

In the 12th Kansas, the question was upon a witness only. In the case in the 22d Bulletin, page 251, the question there decided by Judge SMITH, was as to a party; he held that a party might be required to testify, even though he were residing within the jurisdiction of the court, and expected to attend the trial, was in fairly good health, and did not expect to be imprisoned, or anything of that sort which would prevent his examination as a witness.

These Kansas cases—there are four of them that have been submitted to the court, and the drift of the whole of them is that when you get to the end of it, and the final summing up of the courts in the last cases that were submitted to this court—they hold that a party may not be examined as a witness if he does not desire so to be; may not be compelled to be examined as a witness.

Now, in the 39th Kansas, 291, the syllabus of the case reads as follows: "The taking of the deposition of a party, in a pending case, merely to ascertain in advance what his testimony will be, and not for the purpose of using same as evidence, is an abuse of the judicial authority and process, and a party committed for refusing to give his deposition in such case, will be released on *habeas corpus*."

Now, the court say, copying partly what was said in the 38th Kansas, page 403: "The taking of the deposition of a party in a pending case merely to fish out in advance what his testimony will be, and to annoy and oppress him, and not for the purpose of using same as evidence, is an abuse of the judicial authority and process, and a party committed by a notary public for refusing to give his deposition in such case, will be released on *habeas corpus*."

In that case there was an express admission of the railway company that it was not acting in good faith, and did not intend to use the deposition, but was taking the deposition for the purpose of fishing out testimony.

In this case no such admission is made, and it is not shown that the party is sick, infirm, or otherwise in a condition likely to prevent him from attending the trial. The petitioner declares, on oath, that he intends and expects to attend the trial; if he so attends, his deposition cannot be used.

Counsel proposing to take his deposition, insists that they are acting in good faith in this matter, and acting in good faith, they desire to take his deposition to be used upon the trial if he is absent at the time. Now, that claim is made here. There is no showing that the petitioner is going away, or that there is any probability of his being absent on the trial.

Counsel qualify the statement about the use of the deposition by adding: "If the petitioner tells the truth." Counsel here might add if the witness tells what they expect him to or desire him to"; because they need not use the deposition if it did not in some manner aid their cause. They would not be expected to. Nobody is foolish enough to produce a deposition on the trial of a cause that would be against him.

They also state that they need his deposition so as to be informed as to what other depositions it is necessary to take. That is not stated in this, but it is probably fairly inferable that this is simply for the purpose, or mainly for the purpose, of finding out what they need to call.

Taking all the evidence together, it does not seem to the court that the deposition of the petitioner is to be taken to be read in evidence upon the trial. It seems they are acting with the purpose of taking the deposition merely to fish out in advance what the testimony will be. Although the facts in this case differ from those appearing in *In re Davis*, *supra*, sufficient is shown to bring the case within the principle therein decided. The petitioner will be discharged. That is the decision in the case in 39th Kansas, and the 40th following along in the same line.

Now, I think this is the true solution of the problem; I need not decide—the question is not before me—what would be done with a witness who was merely a witness in the cause, subpoenaed to have his deposition taken, and in robust health, appearing before the notary and refusing because he lives in the county, and expects to attend the trial. I need not decide what the determination of a question such as that would be. This accused party, the party deprived of his liberty, is a party to the suit. As a party to the suit, he has rights that witnesses, ordinary witnesss, do not have. That is apparent to any lawyer, if based upon nothing else, upon the con-

fidential relations that exist between a client and his attorney. The attorney is bound to observe profound secrecy as to all matters that are communicated to him by the client in the cause that he is employed to present and take care of.

Now, if the parties could go on as soon as an action is commenced and service of summons made; if you could subpœna the opposite party, take him before a magistrate or somebody authorized to take depositions, and take his testimony, you could, with the same propriety, and for the same reason, compel the attorney to tell anything and everything that the client divulged and told him.

If there is any reason for granting the right to one party to go to the adverse party for his testimony in advance of the trial, it is that you are entitled to the truth, and that the truth will not hurt anybody. That is the principle and the basis for it, if there is any principle that underlies it.

Now, the very reason why you cannot compel confidential communications made by the client to the attorney, or talk between them, to be testified to by the attorney, the very reason that you cannot do that, furnishes the basis for the reason why you cannot compel a party in advance of his trial, unless you need him as a witness on account of the probability that he will not be able to attend, that he is dead, or sick, or absent from the county, to give his deposition.

It has been said in some of these authorities that have been cited that the truth hurts nobody, and that it hurts nobody to tell all he knows about a law suit. That is true in some regards, and in some regards it is not true. There is no necessity for it in most instances. And the possibility that there may be a necessity for it, does not furnish a reason for the violation of a general rule that you cannot do it.

Now, what is there in a law suit? The plaintiff is required under the code to set forth in plain, concise language—ordinary language—the statement of his cause of action. He must set forth the facts on paper. You have there the statement of the facts upon which the plaintiff seeks to recover, or relies for the relief that he asks. The defendant may deny that. Then the burden is on the plaintiff to do what? To establish the facts that he alleges. These facts are within his breast.

They are on paper, and within the knowledge and before the observation and scrutiny of the other side. The particular testimony by which he intends, so far as he is concerned, so support these facts, are within his own breast. If the opposite party need the testimony to disprove what he alleges, or to establish a defense that he sets up by way of counter-claim or set-off, or any other way aside from that denial, to disprove the claim made by the plaintiff, he may use the opposite party if he is a non-resident of the county, if he is sick, if he is infirm, if he will probably not be able to attend the trial.

Well, now, suppose that you wanted to get any further testimony, facts that you are not entitled to get in that manner.

You may propound interrogatories at the end of your pleading. There is a proceeding that may be instituted for the purpose of getting testimony. You may demand inspection of books and papers, and all that. But you cannot go into the secret recesses of the opposite party's heart and mind, and compel him to disclose what he knows about a lawsuit, unless you need it; and you base your need upon the fact that he is sick, absent, or will probably not be able to attend.

For these reasons I am satisfied that this sort of giving testimony cannot be forced from a party.

It is said here that there is some sort of rule that has been established in this court for the taking of such testimony. It was stated by counsel that the question was presented to His Honor, Judge PEASE, some time

ago, as to whether a witness might be compelled to testify when the party desired it, simply as a fishing expedition, and he directed at once that the witness testify. Well, all I have to say about that is this—that the matter was not argued before Judge Pease, or at least there is no statement that it was. I will assume that it was not; and the matter was not fully investigated, and that had he investigated it, he would reach the same conclusion that this court has, touching the matter.

It is also said that in the celebrated case that came from Waynesburgh, in which there was a fraudulent conveyance of a large stock of goods and property, that after the action was commenced the parties proceeded to take the testimony of one of the parties to the suit. That is true; and that was this way,—I remember it distinctly—one Shaffer gave the information that led to the commencement of the action, and who furnished the testimony, and the basis for the setting aside of the conveyance. He had been a party to the fraud himself, acknowledged it, and said so; and after he found where it left him, he repented of his way, and saw fit to give to the parties such information as would lead to the unravelling of that fraud and turning the goods over where they properly belonged for the payment of debts. Counsel who represented the plaintiff, were afraid that Mr. Shaffer—having been a party to that fraud,—helped to perpetrate it, passed out of his possession and control thousands and thousands of dollars worth of property—might be induced, even after having given that information, to go back; and thereupon we requested him to submit to have his deposition taken, and he willingly consented thereto, so that the question did not come up at all in that matter. He did not object to have his deposition taken, was willing to have it taken, consented that it might be taken, and it was taken,—not to be used on the trial of the cause at all, but for the purpose of keeping Mr. Shaffer in line, so that he might not go back on the parties that needed to use the testimony. That is that case. So there has not been any adjudication of the question upon full argument until this moment. And I am satisfied in the light of the authorities, and in the light of reason, that you cannot, after service of summons on the adverse party, proceed to take his deposition so as to find out all that he may know about a lawsuit. That is not the policy of the trial of cases.

The defendant, who has been deprived of his liberty, will be released.

*Clark & Ambler*, and *Miller & Pomerene*, for plaintiff.

*Grant & Snyder*, and *A. A. Thayer*, for defendant.